SUMMARY ORDER
Defendant-appellant Steven Sirianni, a stockbroker, appeals from a judgment of the District Court following a jury trial in which Sirianni was found liable for failing to disclose to his brokerage clients that he received kickbacks in exchange for recommending that his clients purchase stock in World Information Technology, Inc. (“World Information”), in violation of Section 17(a) of the Securities Act of 1933 (“Securities Act”), 15 U.S.C. § 77q(a), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 (“Exchange Act”), 15 U.S.C. §§ 78j(b) and 78o(a)(l), and Rule 10b5, 17 C.F.R. § 240.10b~5. Plaintiff the United States Securities and Exchange Commission (“SEC”) alleged that Sirianni received the kickbacks from a co-defendant, Ira Dieapua, a stock promoter who facilitated a “pump and dump” scheme involving World Information. Following the jury’s verdict for plaintiff, the District Court permanently enjoined Sirianni from violating federal securities laws, ordered disgorgement of $75,800 in ill-begotten kickbacks plus interest, and imposed a civil penalty of $110,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
On appeal, Sirianni offers seven distinct arguments why the claims against him should be dismissed or, in the alternative, why he deserves a new trial. We examine each of these arguments in turn.
First, Sirianni argues that the District Court erred by not ordering the SEC to produce Dieapua at trial, and that the SEC’s failure to produce Dieapua was an “illegal obstruction or interference with Sirianni’s defense.” Appellant’s Br. 16. Sirianni cites no controlling legal authority in support of this claim and cites no evidence that the SEC intervened to prevent Dieapua from testifying. We conclude that this argument lacks merit.
Second, Sirianni argues that it was “prejudicial error” to exclude from evidence emails showing that Sirianni was generally active in real estate investment. Appellant’s Br. 20. Sirianni’s defense at trial was that the payments he received from Dieapua were intended for investment in a hunting property, a claim that the jury apparently rejected. We review a trial court’s evidentiary rulings under a deferential abuse-of-discretion standard. See, e.g., Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 136 (2d Cir.2008) (“The trial court’s evidentiary rulings are reviewed only for abuse of discretion.”); cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of *389 the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)). We detect no error in the District Court's decision to exclude certain emails, none of which related to an investment in a hunting property on behalf of Dicapua.
Third, Sirianni argues that the District Court erred in admitting into evidence hearsay statements that Sirianni's co-defendant, Gary Morgan, made to an SEC witness, Nick Pirgousis. Morgan's statements concerned the role of kickbacks in the World Information "pump and dump" scheme, which Morgan helped orchestrate, and were admitted under an exception to the hearsay rule for statements against interest. See Fed.R.Evid. 804(b)(3) (excluding from the hearsay rule "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true"). We detect no error in the District Court's decision to admit into evidence Morgan's statements.
Fourth, Sirianni argues that the District Court erred in excluding a question Sirianni's counsel proposed to address to Frank Didio, an SEC staff accountant, which question suggested that "short selling" was to blame for a decline in the value of World Information stock. As the SEC correctly notes, Didio's testimony on direct examination did not touch on "short selling," which was irrelevant to the SEC's theory of the case: that Sirianni had failed to disclose his kickback arrangement to his brokerage clients. We detect no error in the District Court's decision not to permit Sirianni's counsel to cross-examine Didio about "short selling."
Fifth, Sirianni argues that the SEC was an "illusory party in this litigation," Appellant's Br. 23, and that the SEC purposefully assigned staff attorneys-rather than staff investigators-to conduct its investigation of Sirianni in order to preclude any depositions of relevant SEC staff members concerning the investigation. Sirianrii offers no legal basis for his position, and we know of none. We also note that, according to the SEC, "Sirianni propounded no interrogatories or requests for admissions; he took no depositions of potential trial witnesses; and he declined even to attend depositions taken by [SE C] counsel." Ap-peilee's Br. 30.
Sixth, Sirianni argues that he "was not afforded the constitutional protections required in a quasi-criminal proceeding." Appellant's Br. 27. Specifically, Sirianni asserts that he was entitled to "confront his accuser" and have the jury consider the case against him under the standard "beyond a reasonable doubt." Id. We are aware of no basis in law to conclude that an SEC enforcement action is a "quasi-criminal" proceeding, and reject this argument as well.
Seventh and finally, Sirianni argues that the SE C's enforcement action amounts to "arbitrary, selective, and discriminatory enforcement of [the] law," Appellant's Br. 31, in violation of his right to equal protection of the laws. As we have previously held, "[t]o prove a selective enforcement claim, a plaintiff must demonstrate that laws were not applied to him as they were applied to similarly situated individuals and that the difference was intentional and unreasonable." Deegan v. City of Ithaca, 444 F.3d 135, 146 (2d Cir.2006). Sirianni has not carried-let alone acknowledged-his burden in a selective enforcement claim; accordingly, we reject *390 his argument that the SEC’s enforcement action against him was arbitrary, selective, or discriminatory.
We have considered plaintiffs remaining arguments and find them to be without merit.
CONCLUSION
We have considered all of plaintiffs arguments on appeal and find them to be unavailing. Accordingly, we AFFIRM the judgment of the District Court.